```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>                    **v.**<br><br>FRANCISCO MARTINEZ-MERCADO,<br><br>    **Defendant.** | **Criminal No.** 15-576 (FAB) |

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Francisco Martinez-Mercado's motion to dismiss the indictment (Docket No. 21), which the United States opposes (Docket No. 24).  For the reasons explained below, the Court **DENIES** defendant Martinez's motion.

### I.  THE INDICTMENT

On September 15, 2015, a federal grand jury indicted defendant Martinez on a single count of violating 18 U.S.C. § 241.  (Docket No. 3)  The indictment alleges the following:

> On or about September 23, 2010, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **FRANCISCO MARTINEZ-MERCADO**, . . . along with others known and unknown to the grand jury, while acting under color of the laws of the Commonwealth of Puerto Rico, did conspire, combine, confederate, and agree to injure, oppress, threaten, and intimidate a known individual in the exercise or enjoyment of a right, secured and protected by the Constitution of the United States, to be free from unreasonable searches and seizures by those acting under color of law, by agreeing to unreasonably search and seize property of the known individual located in Puerto Rico, in violation of Title 18, United States Code, Section 241.

Id.

## II.  MOTION TO DISMISS THE INDICTMENT

Defendant Martinez moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b).  (Docket No. 21 at p. 1) "When grading an indictment's sufficiency, we look to see whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011). Defendant Martinez does not argue that the indictment fails to set out the elements or nature of the section 241 charge.  Martinez instead challenges the sufficiency of the United States' evidence supporting the indictment.  He argues that the United States' proffered facts do not establish a section 241 offense because no act was committed under color of law. (Docket No. 21 at pp. 6, 11-13)

"When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (quoting United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)).  "[C]ourts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations . . . [because] in the ordinary course of

Criminal No. 15-576 (FAB)                                                  3

events, a technically sufficient indictment handed down by a duly empaneled grand jury 'is enough to call for trial of the charge on the merits.'" Guerrier, 669 F.3d at 4 (quoting Costello v. United States, 350 U.S. 359, 363 (1956)).

This Court recently recognized a narrow exception to this rule.  Following the vast majority of circuit courts of appeals, the Court held that it may rule on a pretrial motion to dismiss an indictment based on sufficiency of the evidence when three conditions are met:  "the facts are undisputed, the government does not object to the procedure, and the only question is a legal one." United States v. Del Valle-Fuentes, Crim. No. 15-347 FAB, 2015 WL 6866174, at *3 (D.P.R. Nov. 9, 2015) (Besosa, J.).[1]  Although defendant Martinez attempts to invoke this exception, (Docket No. 21 at pp. 3-6), none of the three conditions is present.

---

[1] Although the First Circuit Court of Appeals has not addressed this issue, seven other circuit courts of appeals have squarely held that district courts may properly rule on a motion to dismiss an indictment when the facts are undisputed, the government does not object to the procedure, and the only question is a legal one.  See United States v. Weaver, 659 F.3d 353, 355 (4th Cir. 2011); United States v. Todd, 446 F.3d 1062, 1067-69 (10th Cir. 2006); United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005); United States v. Yakou, 428 F.3d 241, 246-47 (D.C. Cir. 2005); United States v. Phillips, 367 F.3d 846, 854-56 (9th Cir. 2004); United States v. Levin, 973 F.2d 463, 467 (6th Cir. 1992); United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988).  Similarly, two circuit courts of appeals stated in *dicta* that a district court may consider a motion to dismiss an indictment based on sufficiency of the evidence when the facts are stipulated.  United States v. DeLaurentis, 230 F.3d 659, 660-61 (3d Cir. 2000); United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998).  Conversely, only the Eleventh Circuit Court of Appeals has held that a district court may not look beyond the face of the indictment to rule on motions to dismiss, even where the facts are undisputed.  See United States v. Salman, 378 F.3d 1266, 1267-69 (11th Cir. 2004).

Criminal No. 15-576 (FAB)                                                    4

First, the facts are not undisputed.  Defendant Martinez looks to a plea agreement filed over a year ago in a separate criminal case for a defendant that Martinez identifies as the United States' cooperating witness.  (Docket No. 21 at p. 2; see Criminal No. 14-402 (JAF), Docket No. 4)  Martinez asserts that the facts set forth in that plea agreement are the only facts supporting the United States' charge against him, (Docket No. 21 at p. 2), and that the facts are therefore "relatively undisputed," id. at p. 3.  The United States disagrees, explaining that although "the defendant attempts to limit the government's evidence to the facts delineated in a plea agreement, there is no such limitation as to the evidence the government would adduce at trial."  (Docket No. 24 at p. 4.)  Thus, unlike in Del Valle-Fuentes, 2015 WL 6866174, where the United States and the defendant agreed that the proffered facts were complete and undisputed, the parties here have not stipulated to a fact proffer.  The first condition is therefore not present because the facts are disputed.

Second, the United States objects to the procedure.  It argues that defendant Martinez's motion should be "summarily denied" because his request "goes beyond the sufficiency of the indictment and enters into the sufficiency of the evidence."  (Docket No. 24 at pp. 2-3)  Again, this is unlike Del Valle-Fuentes, 2015 WL 6866174, where the United States urged the Court to address and rule on the merits of the defendant's motion to dismiss.  Thus, the second condition is not met.

Criminal No. 15-576 (FAB)                                                    5

    Third, defendant Martinez is not asking the Court to answer a purely legal question.  Whether a defendant acted under color of law "requires an assessment of the totality of the circumstances" involving consideration of "the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties."  See Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (internal quotation marks and citation omitted).  The color-of-law issue is fact-sensitive and cannot be resolved as a matter of law.

    Because the three conditions necessary for the exception to apply are not present, defendant Martinez's motion is subject to the general rule that a motion to dismiss may not be used "as a way to test the sufficiency of the evidence behind an indictment's allegations."  See Guerrier, 669 F.3d at 4.  Accordingly, the United States is entitled to present its evidence at trial to prove that defendant Martinez acted under color of law.  See Costello, 350 U.S. at 363 (a facially valid indictment returned by a duly empaneled grand jury "is enough to call for trial of the charge on the merits").  At trial, Martinez will have the opportunity to object to the evidence and to challenge the United States' case in a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

Criminal No. 15-576 (FAB)                                                    6

### III.  CONCLUSION

For the reasons discussed above, the Court **DENIES** defendant Martinez's motion to dismiss the indictment, (Docket No. 21).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 17, 2015.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE